UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ROLDAN VIGIL; GRACIELA M. VIGIL, Plaintiffs, v. SOFIA VASQUEZ; LEOPOLDO CERRITOS, Defendants. | Case No. 5:17-cv-02614-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER TERMINATING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND**<br><br>Re: Dkt. No. 2 |
|---|---|

Defendants Sofia Vasquez and Leopoldo Cerritos purport to remove this unlawful detainer action from the Monterey County Superior Court, albeit all removal papers appear to have been filed by one Lorena Urbina Lopez. Lopez also applies for leave to proceed in forma pauperis (IFP). Having reviewed the record, and for the reasons stated below, the undersigned strikes the IFP application and recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the

complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The record suggests that Lopez, the IFP applicant, may be a tenant of the property in question, but neither one of the named defendants has submitted a signed IFP application. Accordingly, the IFP application is stricken and will be terminated. In any event, for the reasons discussed below, the undersigned concludes that this case should be remanded to the state court for lack of subject matter jurisdiction.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, Lopez filed a "Notice of Claim of Unconstitutionality," alleging that the subject property is uninhabitable. However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction. Plaintiffs' complaint presents a claim arising only under state law. (Dkt. 4). It does not allege any federal claims whatsoever.

There is also no basis for diversity jurisdiction under 28 U.S.C. § 1332. Federal district

2

1  courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or
2  value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28
3  U.S.C. § 1332.  As local defendants, defendants cannot remove this case here.  <u>Spencer v. U.S.</u>
4  <u>Dist. Ct. for Northern Dist. of California</u>, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that
5  the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. §
6  1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined
7  and served as defendants is a citizen of the State in which such action is brought.").  In any event,
8  the complaint indicates that the amount in controversy does not exceed $10,000.  (Dkt. 4 at ECF p.
9  4).  Moreover, unlawful detainer actions involve the right to possession alone, not title to the
10 property.  So, the fact that the subject property may be worth more than $75,000 is irrelevant.
11 <u>MOAB Investment Group, LLC v. Moreno</u>, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D.
12 Cal., Feb. 6, 2014); <u>Maxwell Real Estate Investment LLC v. Bracho</u>, No. C12-02774RMW, 2012
13 WL 2906762 at *1 (N.D. Cal., July 13, 2012).
14     The removal of this case was improper.  <u>Defendants and Lopez are advised that their</u>
15 <u>repeated attempts to remove this matter may result in sanctions.</u>
16     Because the parties have yet to consent to the undersigned's jurisdiction, this court
17 ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further
18 RECOMMENDS that plaintiff's motion for remand be granted and that the newly assigned judge
19 remand the case to the Monterey County Superior Court.  Any party may serve and file objections
20 to this Report and Recommendation within fourteen days after being served.  28 U.S.C. §
21 636(b)(1)(B), (C); Fed. R. Civ. P. 72.
22 Dated:   May 9, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

1 | 5:17-cv-02614-HRL Notice sent by U.S. Mail on 5/9/2017 to:

2 | T. Bob Uemura
Attorney at Law
3 | 17 Winham Street
Salinas, CA 93901

4 | Sofia Vasquez
245 Sycamore Road
5 | Salinas, CA 93905

6 | Leopoldo Cerritos
245 Sycamore Road
7 | Salinas, CA 93905

8 | Lorena Urbina Lopez
245 Sycamore Road
9 | Salinas, CA 93905